IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ARIC B. PATTERSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) | No. CIV-18-659-C |
| NANCY A. BERRYHILL, Acting Commisioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 22, 2019, United States Magistrate Judge Gary M. Purcell issued his Report and Recommendation ("R&R") in this action in which Plaintiff challenges the decision of the Commissioner of Social Security's decision to deny him Social Security benefits. Judge Purcell recommended that the case be remanded back to the Administrative Law Judge ("ALJ") for proper consideration of the opinions of Plaintiff's treating psychiatrist, Dr. Steve Skarky. Defendant's objection to the R&R was timely filed, and the Court reviews the matter de novo.

I. Background

Since 2013, Plaintiff has suffered from a range of severe impairments, including: migraines, muscle spasms in his lower back and legs, bipolar disorder, panic disorder without agoraphobia, generalized anxiety disorder, PTSD, and ADHD. (Dkt. 13-2, p. 20.) From this time until 2016, Plaintiff was observed and treated by psychiatrist Dr. Steve Skarky. (Dkt. No. 13-8, p. 187.) In a series of three opinions between 2015 and 2016, Dr. Skarky expressed concern about how Plaintiff would function in a reasonable work

environment, and found that Plaintiff would experience a range of moderate, marked, and extreme limitations in the workplace. (Id. at pp. 118, 137-138, 185-186.) According to Dr. Skarky, Plaintiff's impairments would render him unable to effectively respond to workplace pressures or even remember, comprehend, and carry out simple instructions on an independent basis. (Id. at p. 118.)

Plaintiff formally applied for disability benefits on June 30, 2015. (Dkt. No. 13-2, p. 18.) His request was denied both initially and upon reconsideration. (Id.) He thereafter requested a hearing, which took place in November 2016. (Id.) Then in July 2017 the ALJ concluded that Plaintiff was "not disabled under sections 216(i) and 223(d) of the Social Security Act," and thus not entitled to disability benefits. (Id. at 30.) Consistent with the five-step sequential evaluation process mandated by agency regulations, the ALJ found: (1) Plaintiff had not engaged in substantial gainful activity since March 25, 2013—his alleged onset date; (2) Plaintiff had several severe impairments, including migraine headaches, generalized anxiety disorder, and ADHD, among others; (3) Plaintiff did not have an impairment severe enough to equal any impairments listed at 20 C.F.R. part 404, subpart P, appendix 1; (4) Plaintiff did not have the residual functional capacity to perform his prior relevant work; and (5) Plaintiff could perform a significant number of other jobs that exist in the national economy. (See id. at pp. 20-30.)

At the fourth step of the analysis, the ALJ accorded limited weight to the opinions of Dr. Skarky. She did so because, in her view, Dr. Skarky's opinions contained some inconsistencies and were based on statements made by Plaintiff, rather than medical evidence. (Id. at 28.) Plaintiff subsequently appealed the ALJ's ruling to this Court, where

the Magistrate Judge recommended that the ALJ's decision be reversed and remanded. (See generally Dkt. No. 23.) The Magistrate Judge largely took issue with the ALJ's reasoning for according limited weight to the opinions of Dr. Skarky. The Magistrate Judge noted that treating sources are generally accorded greater deference, and criticized the ALJ's "flawed" reasoning in declining to do so. (Id. at 11-13.) The Magistrate Judge concluded that if the ALJ would have appropriately considered Dr. Skarky's opinions, Plaintiff likely would have been awarded disability benefits. (Id. at 15-16.)

Defendant objects to the Magistrate Judge's conclusion. First, Defendant defends the authority of the ALJ to reject a treating source's opinions when based on a claimant's subjective descriptions, rather than objective medical evidence. (Dkt. No. 24, p. 2.) Defendant further maintains that—even if this Court disagrees with the ALJ's ultimate decision—it was nonetheless supported by substantial evidence. (Id. at 5.)

II. Legal Standard

Social Security appeals ask courts to determine: (1) whether the ALJ's decision is supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. See Grogan v. Barnhart, 399 F.3d 1257, 1262 (10th Cir. 2005). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mays v. Colvin, 739 F.3d 569, 574 (10th Cir. 2014) (internal quotation marks and citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record." Knight ex rel. P.K. v. Colvin, 756 F.3d 1171, 1175 (10th Cir. 2014) (internal quotation marks and citation omitted).

When assessing medical opinions in these cases, the opinions of treating sources are generally entitled to more weight than non-treating sources. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In deciding whether to give treating-source opinions "controlling weight," an ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Id. §§ 404.1527(c)(2), 416.927(c)(2); see also Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). If so, then the ALJ must find that the opinion is "not inconsistent" with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In all cases, the regulations require that the ALJ "give good reasons" in the notice of determination or opinion for the weight that is given the treating physician's opinion. 20 C.F.R. § 416.927(d)(2). See Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted) (requiring the ALJ to supply "specific, legitimate reasons" for rejecting the opinion of the treating physician).

III. Analysis

The Court finds that the ALJ's decision should be reversed and remanded. The ALJ's justification for discounting Dr. Skarky's opinion—namely, that his opinions were inconsistent and based on subjective opinion rather than objective medical evidence—is unsupported by the factual record. First, Dr. Skarky twice noted that his opinions were based on direct observation and treatment of Plaintiff. (Dkt. No. 13-8, pp. 139, 187.) And there is no indication that Dr. Skarky's opinion is not based on medically acceptable methods. Moreover, the Court is unable to discern any legitimate inconsistencies between Dr. Skarky's opinions worthy of calling into question the reliability of his opinions. Plaintiff indisputably suffers from a range of conditions—including bipolar disorder—

which could explain the slightly varying medical observations. (See, e.g., Dkt. No. 13-2, p. 20.) Accordingly, the Court agrees with the Magistrate Judge that the ALJ's reasoning is flawed and unsupported by the record.

Defendant is generally correct that an ALJ's decision must only be supported by substantial evidence. The Court finds, however, that the ALJ's decision is not so supported. Significantly, Dr. Skarky's opinions were discounted at step four of the ALJ's analysis. At this step, Plaintiff's residual functional capacity ("RFC") was determined. This step is crucial—the assessment here largely determines whether a claimant will be awarded disability benefits. As a result, considering the deference treating source opinions are typically given, had Dr. Skarky's opinions been properly evaluated, Plaintiff would have had a much greater likelihood of obtaining disability benefits. Accordingly, the Court finds that the ALJ's decision was not supported by substantial evidence.

IV. Conclusion

For these reasons, the Magistrate Judge's Report and Recommendation (Dkt. No. 23) is ADOPTED and the decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Order.

IT IS SO ORDERED this 6th day of May, 2019.

ROBIN J. CAUTHRON
United States District Judge