IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARIC B. PATTERSON, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. CIV 18-659-C |
| ANDREW M. SAUL,<br>Commissioner of Social Security,[1] | ) |
|     Defendant. | ) |

## ORDER

On May 6, 2019, this Court reversed the Commissioner of the Social Security's decision denying disability benefits to Plaintiff. (See Dkt. Nos. 26, 27.) As a result, Plaintiff now brings his Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412—essentially arguing that Defendant's litigation positions were not substantially justified. (Dkt. No. 28.)[2] Defendant, however, disagrees and maintains that his arguments—though ultimately unsuccessful—were nevertheless justified. (Dkt. No. 29.)

The EAJA permits courts to award to a "prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified

---

[1] On June 4, 2019, the Senate voted to confirm Andrew Saul as the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as Defendant. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff also filed a Supplemental EAJA application reflecting the additional fees he seeks as a result of the litigation surrounding his original application. (See Dkt. No. 31.)

or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither party disputes that Plaintiff is the prevailing party. They disagree, though, regarding whether Defendant's litigation positions here were substantially justified.

I.  Legal Standard

In Pierce v. Underwood, 487 U.S. 552, 565 (1988), the Supreme Court defined "substantially justified" as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." So, according to the Court, "[t]hat phrase does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 564-65 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Within the Tenth Circuit, moreover, a position is substantially justified if it is reasonable in both law and fact. See Hackett v. Barnhart 475 F.3d 1166, 1172 (10th Cir. 2007).

Defendant bears the burden of proof to demonstrate that his position was substantially justified. See Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995). The term "position" includes the government's position both in the underlying agency action and during any subsequent litigation. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Finally, the government's "position can be justified even though it is not correct." Pierce, 487 U.S. at 566 n.2.

II.  Analysis

In the agency proceedings, Defendant—via an Administrative Law Judge ("ALJ")—concluded that Plaintiff was not entitled to disability benefits. (Dkt. No. 13-2, p. 30.) In support, the ALJ cited, *inter alia*, Plaintiff's ability to perform various light

2

activities, as well as the opinions of two psychologists. (See id. at pp. 20-30.) That decision was then appealed to federal court—first before the Magistrate Judge, and then before this Court—where Defendant largely maintained the same positions. The primary difference, though, is that Defendant also contended that, even if the ALJ was wrong, there was still substantial evidence to support that decision. (See generally Dkt. No. 24.) And again, in support of this argument, Defendant cited evidence of Plaintiff's activities and the opinions of experts. (Id.) This Court disagreed: The Magistrate Judge recommended that the ALJ's decision be reversed and remanded, and this Court adopted that recommendation. (See Dkt. Nos. 23, 26.) But this does not necessarily indicate that Defendant's positions were unjustified. See Pierce, 487 U.S. at 566 n.2 (The government's position may be "justified even though it is not correct.").

Before this Court, Plaintiff principally protested the ALJ's decision to accord less weight to the opinions of Plaintiff's treating physician. (See generally Dkt. No. 17.) And even though this Court ultimately sided with Plaintiff, Defendant's positions were legally supported. Operative law generally directs courts to accord treating sources' opinions more weight than non-treating sources. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). But courts are not necessarily required to do so—they must instead conduct an independent analysis of each opinion to determine its proper weight. 20 C.F.R. § 416.927(d)(2). See Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted) (requiring the ALJ to supply "specific, legitimate reasons" for rejecting the opinion of the treating physician).

The ALJ performed this analysis and eventually accorded Plaintiff's treating physician's opinions limited weight. She did so because she believed the treating physician's testimony contained inconsistencies and that he based his opinion on Plaintiff's statements rather than objective medical evidence. (Dkt. No. 13-2, p. 28.) Then, before this Court, Defendant advanced the argument that substantial evidence supported the ALJ's decision. (See generally Dkt. No. 24.) And even though this Court ultimately disagreed, nothing in the ALJ's opinion, or Defendant's arguments before this Court in defense of it, strikes the Court as unreasonable. In other words, Defendant's positions—though unsuccessful—were nonetheless adequately supported. The Court thus finds that Defendant has met his burden of demonstrating that his positions were substantially justified.

III. Conclusion

For these reasons, Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Dkt. No. 28) and Plaintiff's Supplemental Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Dkt. No. 31) are both DENIED.

IT IS SO ORDERED this 201st day of August, 2019.

ROBIN J. CAUTHRON
United States District Judge